# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 13-20063-01-KHV |
| JOHN D. HUDSON, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Sealed Motion To Reconsider Defendant's Motion To Invoke Privilege Re: Statements To CI</u> (Doc. #59) filed August 13, 2013. For reasons stated below, the Court overrules defendant's motion.

Defendant argues that all of his statements to a female Confidential Informant ("CI") are protected by the psychotherapist-patient privilege.[1] A psychotherapist-patient testimonial privilege applies to "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment." <u>Jaffee v. Redmond</u>, 518 U.S. 1, 15 (1996); see <u>United States v. Romo</u>, 413 F.3d 1044, 1047 (9th Cir. 2005).

Defendant argues that the record contains no evidence that he discussed psychological issues with the CI because "she was his girlfriend, not because he was seeking 'diagnosis or treatment' from her." <u>Memorandum And Order</u> (Doc. #52) at 10. This argument borders on the frivolous. As explained in a prior order, defendant bears the burden to show that his statements to the CI were "in the course of diagnosis or treatment." The record contains no evidence that the CI intended to

---

[1] At the suppression hearing, the CI testified to numerous statements which defendant made to her. Defendant makes a blanket assertion that all such statements are privileged.

diagnose or treat defendant, or that he expected her to do so. The record reveals only a close personal relationship – and not a psychotherapist-patient relationship – between the CI and defendant. Defendant may have expected his statements to her to remain confidential, but he has not shown that his expectations were legally protected because his statements were in the course of diagnosis or treatment. The CI did not testify why she thought that defendant expected his communications with her would remain confidential, and she certainly did not imply that any such expectation was based on a professional relationship, or because she was providing diagnosis or treatment. In sum, defendant has presented no credible evidence that his statements to the CI were in the course of psychiatric diagnosis or treatment.

In his motion to reconsider, as in his original motion, defendant does not argue that particular statements are privileged. Defendant apparently claims that all of his communications with the CI were confidential and therefore subject to privilege, but he offers no factual or legal support for a blanket privilege concerning all such communications.[2] To pursue his assertion of privilege, defendant must show how the privilege applies on a statement-by-statement basis.

Defendant argues that the Court erred by relying on the Ninth Circuit definition of "diagnosis and treatment" set forth in Romo. See Sealed Motion To Reconsider (Doc. #59) at 5-7 (citing United States v. Landor, 699 F. Supp.2d 913, 928 (E.D. Ky. 2009)). Defendant argues that rather than looking at a variety of factors such as the existence of medical records, the inquiry is limited

---

[2] Defendant maintains that the privilege extends to communications which are not made for the purpose of diagnosis or treatment, but are "designed to build trust between the patient and therapist." Sealed Motion To Reconsider (Doc. #59) at 6. Defendant has not shown that any specific discussions with the CI were "designed to build trust between the patient and therapist." He has only shown that he and the CI were involved in a romantic relationship and at some point, he asked the CI to help him with an application for disability benefits.

-2-

to "whether the privilege holder expected to receive treatment from the therapist." Sealed Motion To Reconsider (Doc. #59) at 7. Even under this limited inquiry, however, the Court finds that defendant has not shown that he made any statements to the CI with the expectation that he would receive treatment from her.[3]

In support of his argument that his statements to the CI were made in the course of diagnosis or treatment, defendant cites e-mail from the CI about his application to the Kansas Public Employees Retirement System for disability benefits. The e-mail included the CI's signature block with her full name and designation as LMSW (licensed master social worker). The signature block appears to be a standard signature block generated by the CI's work e-mail at the University of Kansas Medical Center. The fact that the CI used her office e-mail to communicate with defendant says little (if anything) about whether defendant made statements to her in the course of diagnosis or treatment. At most, defendant has shown that the CI was helping him with paperwork for his disability application – not that she was diagnosing or treating him. In short, defendant has not

---

[3] In Romo, the Ninth Circuit upheld the denial of privilege where an inmate, during a requested meeting with a specific professional counselor, confessed to a threatening letter. Romo, 413 F.3d at 1045-46; see Landor, 699 F. Supp.2d at 928. The counselor in Romo had many duties including "providing inmates with psychological counseling and a host of other duties ranging from arranging social events to providing classes and acting as a case manager." Romo, 413 F.3d at 1045.

Defendant argues that Landor condemned the Romo approach and found that an inmate's statements were privileged where "he was upset and wanted to discuss his situation with a psychologist." In Landor, an inmate asked to speak with someone from the psychology department. See id. at 918. Two prison psychologists approached defendant, greeted him and asked about his request to see someone. See id. Defendant, who seemed angry and agitated, immediately told them about a knife and his intent to use it to kill a counselor. See id. The court in Landor distinguished Romo because unlike the prison psychologists in Landor, the counselor in Romo "wore many institutional hats." Landor, 699 F. Supp.2d at 928; see also id. at 929 (noting that unlike Romo, inmate specifically sought interaction with psychologists).

Here, defendant has presented no credible evidence that he made any specific statements as part of what he thought was a "therapeutic interaction" with the CI. Cf. Landor, 699 F. Supp.2d at 929 (upholding privilege where defendant only made therapeutic request).

-3-

shown that he made any statements to the CI in the course of diagnosis or treatment,[4] and the Court finds that reconsideration is not warranted.

**IT IS THEREFORE ORDERED** that defendant's Sealed Motion To Reconsider Defendant's Motion To Invoke Privilege Re: Statements To CI (Doc. #59) filed August 13, 2013 be and hereby is **OVERRULED**.

Dated this 14th day of August, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[4] As explained above, even if defendant could satisfy his burden as to limited statements, he has not attempted to do so. At this stage, the Court has no specific statements to evaluate under the pertinent legal standard.